IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ELWOOD TEAGLE,            )
                          )
        Petitioner,       )
                          )
v.                        )   Civil Action No. 05-353-GMS
                          )
THOMAS CARROLL, Warden,   )
                          )
        Respondent.       )

FILED
JUN 2 2 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## ORDER

In a form petition dated April 3, 2005, petitioner Elwood Teagle instituted the present action seeking federal habeas relief pursuant to 28 U.S.C. § 2254. (D.I. 1.) Teagle challenges his 1981 convictions for first degree rape, first degree kidnapping, attempted first degree rape, second degree burglary, first degree assault, attempted manslaughter, and possession of deadly weapon during the commission of a felony. His petition asserts two ineffective assistance of counsel claims, a double jeopardy claim, and an insufficient evidence claim. *Id.*

Teagle applied for federal habeas relief in this court on two other occasions. In July 1986, Teagle filed a § 2254 petition challenging his 1981 conviction on four grounds: (1) improper identification; (2) insufficient evidence to support the rape conviction; (3) cumulative sentences for two weapons offenses violated the double jeopardy clause; and (4) his convictions for attempted manslaughter and first degree assault violated the double jeopardy clause. *Teagle v. Redman*, Civ. Act. No. 89-262-JLL, Magistrate's Rep. & Rec., at 3 (D. Del. Jan. 29, 1991). The court denied Teagle's first habeas petition on the merits. *See id.* at 4.

Then, in May 1989, Teagle filed a second § 2254 petition in the court, this time challenging his 1981 convictions by asserting three ineffective assistance of counsel claims: (1) counsel failed to challenge the sufficiency of the evidence related to the kidnapping charge; (2) counsel failed to seek the suppression of the victim's out-of-court identification; and (3) counsel failed to contest the sufficiency of the evidence on the element of penetration with respect to the rape charges. *Id.* at 4. The court adopted the Magistrate's Report and Recommendation that Teagle's second habeas petition be dismissed as successive under Rule 9(b) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254. *Teagle*, Civ. Act. No. 89-262-JLL, Final Order (D. Del. Feb. 19, 1991).

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214. AEDPA provides that state prisoners who have previously filed habeas petitions must first obtain leave from the court of appeals to file the second or successive petition in district court. 28 U.S.C. § 2244(b)(3)(A). This requirement applies to Teagle even though his two prior petitions were filed, and decided, before the enactment of AEDPA. *See In re Minarik*, 166 F.3d 591, 599-300 (3d Cir. 1999).

Pursuant to § 2244(b)(3) (A) of AEDPA, "[w]hen a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). A habeas petition is classified as second or successive if a prior petition has been decided on the merits, and the prior and subsequent petitions challenge the same conviction. *See In re Olabode,* 325 F.3d 166, 169-73 (3d Cir. 2003)(finding that petitioner's initial successful motion to reinstate his right to appeal

did not render his subsequent motion to vacate sentence following re-sentencing a "second or successive motion" under AEDPA because the subsequent motion did not attack the judgment at issue in the first motion); *Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000)("a habeas petition filed in the district court after an initial habeas petition was unadjudicated on the merits and dismissed for failure to exhaust state remedies is not a second or successive petition"); 28 U.S.C. § 2244(a).

Teagle's new § 2254 petition challenges his 1981 convictions, as did his two previous § 2254 petitions. The court denied his first § 2254 petition on the merits. Thus, Teagle's new petition is second or successive under 28 U.S.C. § 2244(b).

The record is clear that Teagle has not obtained leave from the Court of Appeals for the Third Circuit to file the new petition. Accordingly, pursuant to 28 U.S.C. § 2244(b)(3), the court will dismiss Teagle's instant petition for lack of jurisdiction. *See Lopez v. Douglas*, 141 F.3d 974, 975-76 (10th Cir. 1998)(without authorization from the Court of Appeals "the district court lacked jurisdiction to decide his unauthorized second petition, and this court must vacate the district court order"); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)("a district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing").

THEREFORE, at Wilmington this 22nd day of June, 2005; IT IS ORDERED that:

1. Petitioner Elwood Teagle's petition for habeas corpus relief is dismissed and the writ is denied. (D.I. 1.)

2. Petitioner Elwood Teagle has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and a certificate of appealability is not

warranted. *See United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3rd Cir. Local Appellate Rule 22.2 (2000).

_____
United States District Judge